# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, <br> SECRETARY OF LABOR <br> U.S. DEPARTMENT OF LABOR, <br><br> Petitioner, <br><br> v. <br><br> GREG A. ROSS, <br><br> Defendant. | No. 4:17-MC-9017-DGK |

## ORDER ENFORCING SUBPOENA

Now before the Court is The Department of Labor's ("Department") Motion to Enforce Subpoena (Doc. 1) and Defendant Greg A. Ross's ("Ross") Suggestions in Opposition (Doc. 2). After careful consideration, the Court GRANTS the Department's motion to enforce the subpoena.

## Background

On June 6, 2017, the Occupational Safety and Health Administration ("OSHA") opened an investigation of Ross Construction, a company Ross owns. During that week, Compliance Safety and Health Officers ("CSHOs") from the Kansas City Area Office observed what they perceived to be violations of the Occupational Safety and Health Act ("the Act"). After reviewing documents and speaking with employees at Ross Construction, OSHA issued a subpoena *ad testificandum* requiring Ross to testify at OSHA's Kansas City office. Ross's counsel, Angela Angotti, accepted service on his behalf.

Ms. Angotti emailed the Department's counsel seeking clarification about the information OSHA sought to obtain by interviewing Ross. After receiving the Department's

response, Ms. Angotti informed Department's counsel that Ross would not be appearing to testify, stating that "the burden being placed on this small business is too great."  Doc. 1 at Ex. J.  Ross did not appear at the agreed upon date and time to give his statement.  The Department subsequently filed its Motion to Enforce the Subpoena.  Finding that subpoena is within Department's authority, the demand is not too indefinite, and the information sought is reasonably relevant to the Department's investigation, this Court GRANTS the Department's motion to enforce the subpoena.

## Discussion

Under the Act, the Department may issue subpoenas that this Court may enforce:

> In making his inspections and investigations under this chapter the Secretary may require the attendance and testimony of witnesses and the production of evidence under oath. . . . [A]ny district court of the United States . . . shall have jurisdiction to issue to such person an order requiring such person to appear to produce evidence . . . and to give testimony relating to the matter under investigation or in question . . . .

29 U.S.C. § 657(b).  In *United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950), the Supreme Court provided the factors that determine whether an administrative subpoena should be enforced.  They are: whether (1) the inquiry is within the authority of the agency, (2) the demand is not too indefinite, (3) the information sought is reasonably relevant to the authorized inquiry.  *Id.*; *see also Donovan v. Union Packing Co. of Omaha*, 714 F.3d 838 (8th Cir. 1983) (applying *Morton* to an OSHA subpoena).  Once the Department makes a threshold showing of these factors, the burden shifts to the respondent to show that judicial enforcement "would amount to an abuse of the court's process."  *See EEOC v. Peat, Marwick, Mitchell & Co.*, 775 F.3d 928, 931 (8th Cir. 1985).  An abuse of process occurs when the agency is acting for an improper purpose, such as to harass or pressure settlement in a collateral matter, or any other purpose that lacks good faith.  *United States v. Powell*, 379 U.S. 48, 58 (1964).

## I. The Department's inquiry is within its authority.

The title of Section 657(b) of the Act is "Attendance and testimony of witnesses and production of evidence; enforcement of subpoena." The Act's plain language authorizes the Department to subpoena testimony from "any such employer, *owner*, operator, agent or employee." § 657(b) (emphasis added). The Department's subpoena of Ross is within its authority.

## II. The Department's demand it not too indefinite.

The Department's subpoena seeks Ross's testimony "regarding the working conditions and safety practices of Ross Construction Company." The Department explained that testimony would take about two or three hours. The subpoena request "limits the scope of the inquiry by . . . subject." *See Martin v. Gard*, 811 F. Supp. 616, 621 (D. Kan. 1993). Also, a "two to three hour[]" time commitment does not make a subpoena indefinite or overbroad. *See id.* The limited scope and time requirement of the Department's subpoena work in favor of its enforcement.

Ross argues that because the subpoena in *Martin* was not too indefinite, the subpoena here is too indefinite. There, the subpoena requested testimony concerning "working conditions . . . at the storm sewer project." *See id.* Although the subpoena request in *Martin* might have been narrower, it does not follow that any subpoena request broader than in *Martin* is too indefinite. Here, because the Department "limits the scope of the inquiry by time and subject," *see id.*, the subpoena is not too indefinite.

## III. The testimony sought is reasonably relevant to its lawful investigation.

The Department's subpoena was issued during its investigation of working conditions and safety practices at Ross Construction. "The standard for determining the relevance of a

subpoena's requests is not particularly burdensome, and indeed, a subpoena should be enforced when the evidence sought by the subpoena is not plainly incompetent or irrelevant to any lawful purpose of the agency in the discharge of its duties." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 818 (8th Cir. 2012) (internal citation omitted). Here, Ross's testimony meets the "not particularly burdensome" relevance standard; testimony from the owner of Ross Construction is reasonably relevant to the Department's investigation of Ross Construction's safety practices.

   **IV.   Enforcing the subpoena would not abuse this Court's process.**

Because the Department has made a threshold showing of the *Morton Salt* factors, the burden shifts to Ross to show that judicial enforcement of the subpoena "would amount to an abuse of the court's process." *See Peat, Marwick, Mitchell & Co.*, 775 F.3d at 931. Ross stated in his affidavit that compliance with the subpoena "will require me to shut down my entire business on the date of the subpoena." Doc. 3 at 4. Ross's conclusory statement fails to explain how compliance with the subpoena—a two-to-three hour time commitment—would require his business to shut down for an entire day. Even so, a "two to three hour[]" subpoena request is not indefinite or overbroad. *See Martin,* 811 F. Supp. at 621.

Ross claims that the subpoena is improper because he offered to provide information to OSHA voluntarily. But "OSHA's informal policy of voluntarily conducting employee interviews does not prevent the Secretary from subpoenaing the testimony of employees." *Id*. at 623-24. The Court finds that enforcing the Department's subpoena would not amount to an abuse of process.

Accordingly, the Department's Motion to Enforce the Subpoena (Doc. 1) is GRANTED.

**IT IS SO ORDERED.**

Date:  November 20, 2017                  /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT